**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALL TERMINAL SERVICES, LLC D/B/A CONGLOBAL TECHNOLOGIES<br><br>Plaintiff,<br><br>v.<br><br>ROBOFLOW, INC.<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ALL TERMINAL SERVICES, LLC D/B/A CONGLOBAL TECHNOLOGIES ("ConGlobal"), by and through their undersigned counsel, hereby files this Complaint for Patent Infringement against Defendant ROBOFLOW, INC. ("Roboflow"), respectfully showing this Honorable Court as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Patent Nos. 12,020,148 (the "'148 Patent") and 12,217,183 (the "'183 Patent") (collectively, the "Asserted Patents") owned by ConGlobal and arising under the patent laws of the United States, Title 35, United States Code, Section 100 *et seq*.

2. This action arises from Roboflow's manufacture, use, offer for sale, and/or sale in the United States of its "Workflows" system, "Roboflow Inference" and "Yard Management System" (and other similar interrelated products) (the "Accused Systems"). These activities directly infringe, either literally or under the doctrine of equivalents, the Asserted Patents, or in the alternative, induce others to infringe the Asserted Patents.

1

3. ConGlobal has complied with the marking and notice requirements of 35 U.S.C. § 287.

## PARTIES, JURISDICTION AND VENUE

4. ConGlobal is a domestic limited liability company organized and existing under the laws of the State of Illinois, having a principal place of business at 999 Oakmont Plaza Dr., Suite 340, Westmont, Illinois 60556.

5. All Terminal Services, LLC d/b/a ConGlobal Technologies is a wholly-owned subsidiary of ConGlobal (as defined above), an industry-leader in supply chain management systems, which includes a suite of technological solutions for yard management, supply chain operations, warehouse management, and surrounding technologies.

6. Roboflow is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 500 Locust St., Suite 104, Des Moines, Iowa 50309.

7. Roboflow may be served via its registered agent, Joseph Nelson, at 500 Locust St. Ste 104, Des Moines, Iowa 50309.

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Roboflow because, among other things, Roboflow has purposely availed itself of the rights and benefits of the laws of Illinois by engaging in systematic and continuous contacts with the state such that it should reasonably anticipate being haled into court here. For example, on information and belief, Roboflow, either directly or through one of its agents, purposefully availed itself to the privilege of doing business in this District by advertising, marketing, offering for sale, and selling the Accused Systems within this District to customers and providing instructions, advertising, and/or marketing materials that facilitate, direct

or encourage the use of the Accused Systems within this District. Roboflow has directly infringed and induced infringement within the District.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

11. ConGlobal incorporates the foregoing paragraphs as if the same were restated verbatim herein.

12. On June 25, 2024, the U.S. Patent and Trademark Office duly and legally issued the '148 Patent, entitled "Control System for Railway Yard and Related Methods." A true and correct copy of the '148 Patent is attached hereto as **Exhibit A**.

13. On February 4, 2025, the U.S. Patent and Trademark Office duly and legally issued the '183 Patent, entitled "Control System for Railway Yard and Related Methods." A true and correct copy of the '183 Patent is attached hereto as **Exhibit B**.

14. ConGlobal is the owner of the entire right, title, and interest in the Asserted Patents by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement of the Asserted Patents.

15. The Asserted Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

16. The claims of the Asserted Patents generally cover a control system for railway yards that utilizes sensors and remote-controlled locomotives (RCLs) to monitor and manage the positioning of railcars based on collected data. This data includes critical details such as railcar type, logo, and classification, which are analyzed to optimize rail yard operations. The patented system leverages advanced technologies, including machine learning and optical character recognition (OCR), to enhance logistical accuracy and operational efficiency within railway yards.

17. The claims of the Asserted Patents carry a presumption of validity under 35 U.S.C. § 282(a) and are enforceable.

## THE ACCUSED PROCESS

18. Roboflow has directly infringed and continues to directly infringe—or in the alternative, has induced and continues to induce infringement or has contributorily infringed and continues to contributorily infringe—at least one of the claims of the Asserted Patents.

19. The Accused Systems, specifically the "Yard Management System" offered by Roboflow, infringe (or induce or contributory to the infringement of) the Asserted Patents by employing sensors along with optical character recognition (OCR) to track and manage railcars within railway yards. These systems collect and analyze railyard sensor data, including images and proximity information, to create databases containing railcar details such as type, logo, and classification. Furthermore, the Accused Systems utilize machine learning and OCR to provide real-time control and positioning of railcars, improving operational efficiency and logistical accuracy in a manner identical to or substantially similar to the claims of the Asserted Patents:



20. Roboflow provides detailed descriptions and instructional materials on its publicly accessible website, explaining how to implement and use the Accused Systems:



21. These materials demonstrate how the Accused Products can be used in conjunction with each other in a manner that infringes or induces end users to infringe at least one of the claims of the Asserted Patents.

22. Roboflow's website can be accessed at https://roboflow.com/.

23. Upon information and belief, the Accused Systems are used, or have been used, offered for sale, or sold for use, in railway yards with multiple railroad tracks.

## **COUNT I: DIRECT INFRINGEMENT OF THE ASSERTED PATENTS**

24. ConGlobal incorporates the foregoing paragraphs as if the same were restated verbatim herein.

25. Roboflow has directly infringed and continues to directly infringe at least one of the claims of the Asserted Patents, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling in the United States the Accused Systems that infringe the claims of the Asserted Patents, without authority or license from ConGlobal.

26. By way of example, the Accused Systems directly infringe independent claim 1 of the '148 Patent because they are directed toward a "control system for a railway yard" using features such as OCR to "generate a database associated with the sets of railcars based upon the railyard sensor data" that is collected via imaging techniques including OCR. Roboflow's website confirms that the Accused Systems, specifically the Yard Management System, are designed to identify railyard image data using OCR, along with the other features of claim 1. These functionalities directly correspond to the "control system for a railway yard" as described in Claim 1.

27. Roboflow has been, and is now, directly infringing at least one of the claims of the Asserted Patents, in violation of 35 U.S.C. § 271(a) by advertising, marketing, using, offering for use, offering for sale and/or selling the Accused Systems to customers and providing instructions, advertising, and/or marketing materials that facilitate, direct or encourage the use of the Accused Systems in a way that infringes the Asserted Patents.

28. As a consequence of Roboflow's infringement of the Asserted Patents, ConGlobal has suffered, and will continue to suffer, irreparable harm along with damages in an amount not yet determined, but no less than a reasonable royalty.

## COUNT II: INDUCED INFRINGEMENT OF THE ASSERTED PATENTS

29. ConGlobal incorporates the foregoing paragraphs as if the same were restated verbatim herein.

30. Roboflow has been, and currently is, inducing infringement of at least one of the claims of the Asserted Patents in violation of 35 U.S.C. § 271(b) by knowingly encouraging and instructing others, including its customers and end users of the Accused Systems, to directly infringe the Asserted Patent.

31. Roboflow provides instructions, tutorials, and materials (e.g., source code) to its customers and end users on how to use and operate the Accused Systems in a manner that directly infringes at least one of the claims of the Asserted Patents, with knowledge of the Asserted Patents or, alternatively, with willful blindness to the fact that such use by its customers and end users directly infringe the Asserted Patents.

32. A reasonable opportunity for discovery will likely provide further evidentiary support for such knowledge and intent.

33. As a consequence of Roboflow's induced infringement of the Asserted Patents, ConGlobal has suffered, and will continue to suffer, irreparable harm along with damages in an amount not yet determined, but no less than a reasonable royalty.

## COUNT III: CONTRIBUTORY INFRINGEMENT OF THE ASSERTED PATENTS

34. ConGlobal incorporates the foregoing paragraphs as if the same were restated verbatim herein.

35. Roboflow has been, and currently is, contributorily infringing at least one of the claims of the Asserted Patents in violation of 35 U.S.C. § 271(c) by offering to sell or selling a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process of the Asserted Patents, by instructing customers or end users to use the Accused Systems, which constitute a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of such patent.

36. The Accused Systems are not a staple article or commodity of commerce suitable for substantial non-infringing use, and Roboflow is thus liable as an infringer.

37. For example, Claim 16 of the '148 Patent covers a "method for operating a control system for a railway yard with a plurality of railroad tracks," which constitutes a patented process under 35 U.S.C. § 271(c).

38. Roboflow provides instructions, tutorials, and materials (e.g., source code) to its customers and end users on how to use and operate the Accused Systems, which constitutes an apparatus for use in practicing a patent process, thereby contributorily infringing the Asserted Patents.

39. A reasonable opportunity for discovery will likely provide further evidentiary support for such contributory infringement.

40. As a consequence of Roboflow's contributory infringement of the Asserted Patents, ConGlobal has suffered, and will continue to suffer, irreparable harm along with damages in an amount not yet determined, but no less than a reasonable royalty.

**COUNT IV: WILLFUL INFRINGEMENT OF THE ASSERTED PATENTS**

41. ConGlobal incorporates the foregoing paragraphs as if the same were restated verbatim herein.

42. On information and belief, Roboflow became aware of the Asserted Patents on or around its issuance, but no later than when ConGlobal notified it by letter dated December 3, 2024 with a recorded delivery date of December 4, 2024 that it was infringing the '148 Patent (the "December Letter"). The December Letter, a copy of which is attached hereto as **Exhibit C**, enclosed a copy of the '148 Patent, identified the Accused Systems, and placed Roboflow on notice of ConGlobal's allegations of infringement.

43. Roboflow responded to ConGlobal's infringement allegations but did not identify specific reasons why the Accused Systems do not infringe the '148 Patent aside from assertions that appear to conflict with Roboflow's own website along with ConGlobal's information and belief.

44. ConGlobal offers for sale and sells a product that embodies the invention of the Asserted Patents. ConGlobal announced the issuance of the '148 Patent in a press release dated June 25, 2024 and marks in accordance with 35 U.S.C. § 287(a), thereby providing public notice of the patent, including notice to Roboflow.

45. Upon information and belief, several of Roboflow's customers are prior or current customers of ConGlobal.

46. Upon information and belief, the Accused Systems are in operation in terminals, or have been offered for such operation, in a manner that infringes the Asserted Patents.

47. Upon information and belief, Roboflow has not ceased its offerings or operation of the Accused Systems after it became aware of the Asserted Patents.

48. For the reasons set forth above, Roboflow knew of the Asserted Patents before the service of this Complaint, infringed the Asserted Patents after it knew at least of the '148 Patent, and knew, or should have known, that the Accused Systems infringed the Asserted Patents. A

9

reasonable opportunity for discovery will likely provide further evidentiary support for such knowledge.

49. At a minimum, Roboflow became aware of the patent-in-suit at least as early as the December Letter, has continued to infringe the '148 Patent after receiving the December Letter, and knows, or should know, that the Accused Systems infringe the Asserted Patents based on the infringement allegations set forth in the December Letter and this Complaint.

50. For the above-stated reasons, Roboflow's infringement of the Asserted Patents is willful, justifying an award of enhanced damages of treble the amount found or assessed under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, ConGlobal requests that this Court grant the following relief:

1. A judgment that Roboflow has directly infringed one or more claims of the Asserted Patents;

2. An order preliminarily and permanently restraining and enjoining Roboflow, its officers, agents, attorneys and employees, and those acting in privity or concert with Roboflow, from engaging in the manufacture, use, offer for sale or sale within the United States, or importation into the United States, of the Accused Systems until after the expiration date of the Asserted Patents pursuant to 35 U.S.C. § 283;

3. Damages or other monetary relief to ConGlobal, including but not limited to treble damages associated with Roboflow's willful infringement, lost profits and/or a reasonable royalty;

4. Costs and reasonable attorneys' fees relating to this action pursuant to 35 U.S.C. § 285; and

5. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ConGlobal demands a trial by jury on all issues that are so triable.

Dated: February 21, 2025

Respectfully submitted,

**ALL TERMINAL SERVICES, LLC d/b/a CONGLOBAL TECHNOLOGIES**

/s/ *Isaac J. Colunga*
One of Its Attorneys

| | |
|---|---|
| **ARNALL GOLDEN GREGORY LLP**<br>2100 Pennsylvania Avenue NW, Suite 350S<br>Washington, D.C. 20037<br>Matthew D. Zapadka (*pro hac vice forthcoming*)<br>Email: Matthew.Zapadka@agg.com<br>Tel: 202.677.4930<br><br>Kevin M. Bell (*pro hac vice forthcoming*)<br>Email: Kevin.Bell@agg.com<br>Tel: 202-677-4906<br><br>Andrew K. Beverina (*pro hac vice forthcoming*)<br>Email: Andrew.Beverina@agg.com<br>Tel: 202-677-4949<br><br>John J. Dresch (*pro hac vice forthcoming*)<br>Email: John.Dresch@agg.com<br>Tel: 202-677-4064<br><br>*Lead Counsel for All Terminal Services, LLC d/b/a ConGlobal Technologies* | **TAFT STETTINIUS & HOLLISTER LLP**<br>111 E. Wacker Drive, Suite 2600<br>Chicago, IL 60601<br><br>Isaac J. Colunga<br>Email: icolunga@taftlaw.com<br>Tel: 312-527-4000<br><br>*Local Counsel for All Terminal Services, LLC d/b/a ConGlobal Technologies* |